IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| WILLIAM DOUGLAS ALLEN, #A6091787,<br><br>                    Plaintiff,<br><br>          v.<br><br>MAUI COUNTY CORRECTION CENTER, *et al.*,<br><br>                    Defendants. | Civ. No. 21-00116 JMS-WRP<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**

Before the court is Plaintiff William Douglas Allen's ("Allen")

prisoner civil rights complaint ("Complaint") brought pursuant to 42 U.S.C.

§ 1983.  ECF No. 1.  Allen alleges that the "Maui County Correction Center"

("MCCC")[1] and the Department of Public Safety ("DPS") violated his civil rights

because of the conditions of confinement at the MCCC.[2]  *Id.*  For the following

---

[1] It appears that Allen is referring to the Maui Community Correctional Center.  The MCCC is one of four jails overseen by the Department of Public Safety, an agency of the State of Hawaii.  *See* Department of Public Safety, http://dps.hawaii.gov/about/divisions/corrections/ (last visited Mar. 5, 2021).

[2] Allen is currently incarcerated at the Halawa Correctional Facility.

reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and

1915A(b)(1), with partial leave granted to amend.

## I. <u>STATUTORY SCREENING</u>

The court is required to screen all prisoner pleadings pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d

639, 641 (9th Cir. 2018) (per curiam). Claims or complaints that are frivolous,

malicious, fail to state a claim for relief, or seek damages from defendants who are

immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27

(9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the

same standard of review as that used under Federal Rule of Civil Procedure

12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per

curiam). Under this standard, a complaint must "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A

claim is "plausible" when the facts alleged support a reasonable inference that the

plaintiff is entitled to relief from a specific defendant for specific misconduct. *See*

*id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint.  Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* Fed. R. Civ. P. 8(a)(2) and (d)(1).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  <u>ALLEN'S CLAIMS</u>[3]

Allen alleges in Count I that he slept on the floor of his cell at the MCCC for eight months from the "middle [of] 2018," until the "first part of 2019." ECF No. 1 at PageID # 5.  According to Allen, he was housed in a cell with three other inmates, and he was forced to sleep on "the ground not a bed" next to the toilet.[4]  *Id.*  Allen further claims that he had an injured back and had received a "bed memo."  *Id.*  According to Allen, he filed a grievance complaining about being forced to sleep on the floor.  *Id.*  Allen alleges in Count II that sleeping in a cell with three other inmates was "like waiting for a bomb to go off[.]"  *Id.* at PageID # 6.  And Allen claims in Count III that he should not have been forced to sleep on the floor because he had a "doctor's note" stating he should "not sleep on the ground."  *Id.* at PageID # 7.  Allen seeks $1,200 for each day that he slept on the floor.  *Id.* at PageID # 8.

## III.  <u>DISCUSSION</u>

### A.    Legal Framework for Claims Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated;

---

[3] Allen's factual allegations are accepted as true.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[4] It is unclear if Allen slept on a mattress or other cushion on the floor, or if he slept directly on the floor.

and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## B.     Eleventh Amendment Immunity

Allen names as Defendants the MCCC and the DPS. ECF No. 1 at PageID ## 1–2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

101–03 (1984).  It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Allen's claims for money damages against the KCCC and the DPS are barred by the Eleventh Amendment and therefore DISMISSED with prejudice. *See Blaisdell v. Haw. Dep't Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [the plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

Allen may amend his pleading, however, to name a proper defendant or defendants.  To the extent Allen seeks damages, he must name in his or her individual capacity a defendant or defendants who allegedly deprived him of rights secured by the Constitution or federal statutes.[5]  *See Mitchell v. Washington*, 818

---

[5] Allen may not seek injunctive relief against a state official in his or her official capacity based on events that allegedly occurred at the MCCC because he is no longer incarcerated there. (*continued*)

F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities" (emphasis in original)).  If Allen decides to file an amended pleading, he must also consider the following legal standards.

## C.     Conditions of Confinement at the MCCC

Allen claims that the conditions of confinement he experienced at the MCCC violated the Eighth Amendment and the Fourteenth Amendment.  *See* ECF No. 1 at PageID ## 5–6.  It is unclear, however, whether Allen was a pretrial detainee or a convicted prisoner while he was incarcerated at the MCCC.  Allen's status during this period dictates the applicable legal standard.

### 1.  *Eighth Amendment*

If Allen was a convicted prisoner, then the Eighth Amendment applies.  *See Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1163–64 (9th Cir. 2020) ("[T]he Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted* prisoners." (emphasis in original) (internal quotation marks and citation omitted)).  The Eighth Amendment prohibits "cruel and unusual" punishment for a person convicted of a crime.  U.S. Const. amend. VIII. It imposes duties on prison officials to "provide humane conditions of

---

*See Dilley v. Gunn*, 64 F.3d 1365, 1368–69 (9th Cir. 1995) (concluding that prisoner's claims for injunctive relief were moot because he was transferred to another prison and had not demonstrated a reasonable expectation that he would be transferred back).

confinement[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" *Farmer*, 511 U.S. at 832–33 (internal quotation marks and citations omitted); *Foster*, 554 F.3d at 812.

A prison official violates the Eighth Amendment only when two requirements are satisfied: (1) the deprivation alleged must be, objectively, "sufficiently serious," and (2) the official must have acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834 (citations omitted); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

With regard to the first requirement, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). This requirement is "contextual and responsive to contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks and citation omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses

8

against society." *Id.*; *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9; *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Quin'Ley v. Craig*, No. 16-00550 SOM/KSC, 2016 WL 7362808, at *6 (D. Haw. Dec. 19, 2016).

Regarding the second requirement, "deliberate indifference" requires more than negligence but does not require purpose or knowledge. *See Farmer*, 511 U.S. at 836. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

### 2. *Fourteenth Amendment*

If Allen was a pretrial detainee, then the Fourteenth Amendment applies. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The standard under the Fourteenth Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted prisoners[.]" *Olivier v. Baca*, 913 F.3d 852, 858 (9th Cir. 2019) (citation omitted).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979);[6] *see also Block v. Rutherford*, 468 U.S. 576, 583-85 (1984). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense[.]" *Bell*, 441 U.S. at 537. "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

Absent a showing of an expressed intent to punish by prison officials, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. Thus, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting[.]" *Id.* at 540.

---

[6] Although *Bell* considered a claim under the Due Process Clause of the Fifth Amendment, the same standards apply under the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

Prison administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *id.* at 547, "unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security," *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 322-23 (2012). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 540 n.23 (internal quotation marks omitted).

A pretrial detainee's conditions-of-confinement claim is governed by a purely objective standard. *See Gordon*, 888 F.3d at 1124-25.[7]  A pretrial detainee must therefore show that: (1) a particular defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put him at substantial risk of suffering serious harm;

---

[7] The Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims, beyond denial of medical care, failure to protect, and excessive force claims, although *Gordon* suggests that it will.  *See Gordon*, 888 F.3d at 1120, 1124 & n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)); *see also Pitts v. Ige*, 2019 WL 3294799, at *10 (D. Haw. July 22, 2019) (stating that deliberate indifference claims arising under the Fourteenth Amendment "are governed by a wholly objective standard").

(3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in similar circumstances would have appreciated the high degree of risk—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the detainee's injuries.  *Id.* at 1125.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that "turns on the facts and circumstances of each particular case."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks omitted).  "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."  *Id.*

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with partial leave granted to amend. Allen may file an amended pleading on or before April 5, 2021.  He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. Cnty. of San*

*Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. <u>28 U.S.C. § 1915(g)</u>

If Allen fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Allen may amend his pleading, however, by curing the noted deficiencies in his claims on or before April 5, 2021.

(3) The Clerk is DIRECTED to send Allen a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

13

(4) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Allen may incur a strike under

28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 5, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Allen v. Maui Cnty. Corr. Ctr., et al.*, Civ. No. 21-00116 JMS-WRP, Order Dismissing
Complaint with Partial Leave to Amend